IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| A. KAMI COLE and ANDREA BANDERAS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) ) | |
| | ) | NO. _____ |
| EOS CCA, | ) ) | |
| Defendant. | ) | |

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

## INTRODUCTION

1.

This is an action for actual and statutory damages brought by individual

consumers for Defendant's violations of the Fair Debt Collection Practices Act, 15

U.S.C. § 1692, *et seq.* (hereinafter "FDCPA")

## JURISDICTION AND VENUE

2.

Subject matter jurisdiction of this Court arises under 28 U.S.C. § 1331,

15 U.S.C. § 1692k(d) and/or 28 U.S.C. § 1337.

3.

Venue is proper in this District because the acts and transactions occurred here, the Plaintiffs reside here and the Defendant regularly transacts business here.

## PARTIES

4.

Plaintiffs A. Kami Cole (hereinafter "Plaintiff Cole") and Andrea Banderas (hereinafter "Plaintiff Banderas") are natural persons residing currently in DeKalb County, Georgia, and are "consumers" as that term is defined by 15 U.S.C. § 1692a(3).

5.

EOS CCA (hereinafter "Defendant") is a third-party debt collection agency with its principal place of business in Norwell, Mannachusetts, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). Defendant may be served by serving Paul Downs, EOS CCA, 700 Longwater Drive, Norwell, Massachusetts, 02061.

6.

That at all times relevant herein, Defendant has used the United States mail service, telephone, telegram and other instrumentalities of interstate and intrastate commerce to attempt to collect a debt allegedly owed to another.

7.

The acts of the Defendant alleged hereinafter were performed by employees of Defendant acting within the scope of their actual or apparent authority.

## FACTUAL ALLEGATIONS

8.

Plaintiff Cole incurred a debt (hereinafter referred to as the "Subject Debt").

9.

The Subject Debt was an obligation to pay money arising out of a transaction in which the money or services which were the subject of the transaction were primarily for personal, family or household purposes.

10.

That the Subject Debt was a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

11.

Plaintiff Cole defaulted on the Subject Debt.

12.

Upon information and belief, Defendant was engaged by the original creditor to attempt to collect the Subject Debt from Plaintiff Cole.

13.

At some point thereafter, and within the one- year statute of limitation imposed by the FDCPA, employees of Defendant began calling Plaintiff Cole attempting to collect the Subject Debt.

14.

Upon information and belief, at some point during attempts to collect the debt, an employee or employees of Defendant called a telephone number not belonging to Plaintiff Cole and disclosed the existence of the Subject Debt to a third party, Plaintiff Banderas.

15.

The disclosure of the existence of the debt caused emotional distress, humiliation and embarrassment to Plaintiff Cole.

16.

Plaintiff Banderas requested that she not be contacted further regarding Plaintiff Cole's Subject Debt, but employees of Defendant continued to call Plaintiff Banderas. The disclosure of Plaintiff Cole's debt to Plaintiff Banderas and the continuing telephone calls to Ms. Banderas caused stress and anxiety to Plaintiff Banderas.

17.

All telephone calls made to Plaintiffs Cole and Banderas by employees of

Defendant were "communications" in an attempt to collect a debt as that term is

defined by 15 U.S.C. § 1692a(2).

## CAUSE OF ACTION

18.

Plaintiffs repeat, reallege and incorporate by reference paragraphs 1 through

17 above.

19.

Plaintiffs allege that Defendant violated provisions of the FDCPA,

including, but not limited to: 15 U.S.C. §1692c(b); by reason of its conduct,

statements and representations described in this complaint.

20.

As a result of Defendant's violations of the FDCPA, the Plaintiffshave

suffered actual damages, emotional distress and are entitled to an award of actual

damages, statutory damages, costs and their attorney's fees.

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered

against the Defendant for:

a) Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b) Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) Costs, disbursements and reasonable attorney's fees pursuant to 15

U.S.C. § 1692k; and

d) Such other and further relief as may be just and proper.

**A JURY TRIAL IS DEMANDED**.

This 1st day of March, 2011.

/s/John C. Forbes, Jr.
JOHN C. FORBES, JR.
Georgia Bar No. 267709

Attorney for Plaintiff

THE LAW OFFICES OF MARK A. CAREY, P.C.
925-B Peachtree Street, N. E.
#307
Atlanta, Georgia  30309-9910
(678) 341-5550